UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

EDDIE BAKER, JR.,

    Petitioner,

v.                                           Case No. 10-C-1123

WARDEN, FCI-OXFORD,[1]

    Respondent.

ORDER DENYING MOTION UNDER 28 U.S.C. § 2241 AND DISMISSING CASE

Eddie Baker filed this lawsuit under 28 U.S.C. § 2241, challenging his conviction in Case Number 01-CR-84. Baker was convicted after a jury trial of one count of felon-in-possession-of-a-firearm under 18 U.S.C. § 922(g)(1) and he was sentenced to 327 months of imprisonment. (Doc. 2 app. 6.) In the present case Baker contends that his civil rights were restored by the State of Illinois in 1998 after he served his sentences for prior convictions. Thus, in 2000, when he possessed the gun underlying his federal conviction, he did not violate § 922(g); he argues actual innocence of the crime because he was not a felon for purposes of the statute. In addition, Baker asserts that trial counsel was ineffective for not investigating, discovering, and arguing this restoration of rights issue during the criminal case.

BACKGROUND

This is not Baker's first challenge to his conviction. Baker appealed his conviction and sentence, but on January 22, 2004, the Seventh Circuit affirmed. *United States v. Baker*, 88 F. App'x 96 (7th Cir. 2004) (copy found at Doc. 2 app. 5). Next, on September 29, 2004, Baker filed a motion under 28 U.S.C. § 2255, which this court denied. *Baker v. United States*,

---

[1] Eddie Baker filed this case against Todd Nehls when Baker was an inmate at the Dodge County Detention Facility. According to the United States and Baker's return address, he was moved to FCI-Oxford, so the court has substituted the warden of that facility for Nehls. The United States has agreed that Baker may continue the case in this court notwithstanding the transfer of custody. (Doc. 34 at 3.)

No. 04-C-938, slip op. (E.D. Wis. filed Oct. 28, 2005). Baker appealed that denial of collateral relief, and the Seventh Circuit affirmed on March 6, 2006. *Baker v. United States*, No. 05-4435, slip op. (7th Cir. Mar. 2, 2006) (copy found at Doc. 2 app. 3).

Thereafter, Baker filed two requests with the Seventh Circuit for leave to pursue a second or successive collateral attack under 28 U.S.C. §§ 2244(b)(3) and 2255(h). Each request was denied. Both requests to the Seventh Circuit sought to raise the same issues: (1) a claim of actual innocence based on the restoration of Baker's civil rights by the State of Illinois prior to his possession of the weapon that led to his federal conviction; and (2) a claim of ineffective assistance of counsel for the failure of his trial counsel to uncover the restoration of civil rights. *See Baker v. United States*, No. 10-2935, slip op. (7th Cir. Sept. 16, 2010) (copy found at Doc. 2 app. 1); *Baker v. United States*, No. 08-4231, slip op. (7th Cir. Jan. 16, 2009[2]) (copy found at Doc. 2 app. 2).

The issues Baker raises in the present case are identical to those cited in his two requests to file a second or successive § 2255 motion. (*See* Doc. 2 apps. 1, 2.[3]) He simply raises them via a different statute, i.e., § 2241. But Baker challenged his conviction in a prior § 2241 motion, too. *See Baker v. Schneiter*, No. 07-C-122-S, slip op. (W.D. Wis. filed Apr. 25, 2007) (Shabaz, J.). The issues Baker raised in the Western District § 2241 case in 2007 included, among others, the issues brought now. *See Baker v. Schneiter*, No. 07-C-122-S, motion (filed Mar. 1, 2007).

According to § 2255(e),

---

[2]The order from the Seventh Circuit states the date of issuance as January 16, 2008, but a review of the docket in the Seventh Circuit and the date of argument establish that the order issued on January 16, *2009*.

[3]A third application to file a successive collateral attack, raising a new claim under the Tenth Amendment, was also denied by the Seventh Circuit. *See Baker v. United States*, No. 12-1217, slip op. (7th Cir. filed Feb. 21, 2012).

2

> [a]n application for a writ of habeas corpus [such as that brought under § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

As this court denied Baker's § 2255 motion back in 2005, this statute came into play. In the Western District § 2241 proceeding, District Judge Shabaz pointed to this statutory provision and determined as follows:

> Petitioner has not demonstrated that his 28 U.S.C. § 2255 motion in the sentencing court was inadequate or ineffective to test the legality of his conviction. *See Cooper v. United States*, 199 F.3d 898, 901 (7th Cir. 1999). Accordingly, petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2241 must be dismissed.
>
> Petitioner is advised that in any future proceedings in this matter he must offer argument not cumulative of that already provided to undermine this Court's conclusion that his claim must be dismissed. *See Newlin v. Helman*, 123 F.3d 429, 433 (7th Cir. 1997).

(Doc. 27 Ex. 1 at 2.) Consequently, Judge Shabaz ordered the § 2241 petition dismissed with prejudice. Dismissal of the action was affirmed by the Seventh Circuit. *See Baker v. Huibregtse*, No. 07-2186, slip op. (7th Cir. filed Sept. 18, 2007).

## DISCUSSION

According to 28 U.S.C. § 2244,

> [n]o circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

Pursuant to this provision, this court is not required to entertain the present § 2241 motion, as Judge Shabaz previously decided such a motion against Baker. However, consideration of the second § 2241 motion is permissive and could be considered appropriate if the prior

3

use of § 2255 by Baker was "inadequate or ineffective to test the legality of his detention." § 2255(e).

Nevertheless, this court is not persuaded that the present motion should be considered. Baker presents no new arguments but instead repeats two of those he made in his prior § 2241 case (and in his two requests to the Seventh Circuit for permission to file a second § 2255 motion). Baker had his chance to raise these arguments during the trial phase of his criminal case, on direct appeal, and in his § 2255 case. Subsequent attempts were found to be too late.

Baker contends that Judge Shabaz invited another § 2241 motion when he wrote "that in any future proceedings in this matter [Baker] must offer argument not cumulative of that already provided." (Doc. 27 Ex. 1 at 2.) Baker submits that he has met Judge Shabaz's requirement by obtaining a new restoration-of-rights letter from Illinois authorities that establishes his case. The new letter, dated January 12, 2012, from the Illinois Department of Corrections, states that it replaces any previous notice. Further, it provides:

> While certain rights have been restored to you, others have not. Because you have been convicted of a felony, Illinois law prohibits you from possessing any firearm or firearm ammunition. And, pursuant to federal law, you are prohibited from shipping, transporting, possessing or receiving any firearm or ammunition.

(Doc. 21 Ex. B.) Baker's prior restoration-of-rights letter did not include this paragraph. (Doc. 21 Ex. A.) Instead, it addressed only the restoration of Baker's rights to hold state office and licenses. (*Id.*) Baker argues that the earlier letter restored all of the rights that had been taken away, without any exception regarding firearms (such as that in the second letter). Title 18 U.S.C. § 921(a)(20) provides that a restoration of rights without an express prohibition regarding firearms negates a prior conviction from being considered a felony for purposes of

4

Baker's crime of conviction. Thus, contends Baker, he was not prohibited from possessing a gun until (at the earliest) receipt of the replacement letter in 2012.

Baker agrees that his previous § 2241 motion sought relief upon the same issues of actual innocence and ineffective assistance of counsel relating to the discharge notices and restoration of rights. However, he says, in the case before Judge Shabaz he sought an evidentiary hearing to obtain the documents he now possesses. Baker says he should be allowed to proceed here because he "has provided what was missing in the prior proceeding." (Doc. 35 at 3.) According to Baker, these documents now establish a fundamental defect in his conviction, which results in a miscarriage of justice if not overturned. (Doc. 35 at 4-5.)

But regardless of whether Baker was denied or permitted possession of a gun under Illinois law at the time of the crime, it is now much too late to raise the issue. Proceedings must come to an end at some point. *See In re Davenport*, 147 F.3d 605, 610 (7th Cir. 1998) ("Society, however, is unwilling to expend indefinitely large judicial resources on repeated testing of the accuracy of a determination of guilt."). And regardless of whether Baker now has additional documentation to support his restoration-of-rights argument, he had the ability to—and did—make the same argument before Judge Shabaz, who rejected it, and the Seventh Circuit, which affirmed that dismissal. The precise issue in this case, even if additional documentation is now provided, was already presented by and decided adversely to Baker.

Moreover, this court agrees with Judge Shabaz's rejection of Baker's charge that his § 2255 motion was inadequate or ineffective to test the legality of his conviction. If a § 2255 motion offered a movant "one full and fair opportunity to contest his conviction . . . then the § 2241 action must be dismissed under § 2255." *Collins v. Holinka*, 510 F.3d 666, 667 (7th Cir. 2007). The Seventh Circuit has recognized that § 2255 "is 'inadequate' when its

5

provisions limiting multiple § 2255 motions prevent a prisoner from obtaining review of a legal theory that 'establishes the petitioner's actual innocence.'" *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). But the movant "must first show that the legal theory he advances relies on a change in law that both postdates his first § 2255 motion (for failure to raise a claim the first time around does not render § 2255 'inadequate') and 'eludes the permission in section 2255 for successive motions.'" *Id.* Second, the movant must have a nonfrivolous claim of actual innocence. *Id.*

Baker's present motion does not depend on a change of law postdating his 2004 § 2255 motion. In 2009, the Seventh Circuit considered Illinois restoration-of-rights letters virtually identical to Baker's (Baker's left out the words "to vote and"[4]) and found that the convictions for which the restoration of rights were made could not be counted as felonies under 18 U.S.C. § 921(a)(20). *Buchmeier v. United States*, 581 F.3d 561 (7th Cir. 2009) (en banc). However, *Buchmeier* did not set forth new law. Instead, it reaffirmed, in an en banc challenge, the circuit's prior decisions that express notice of a bar to firearm possession must be in the document restoring rights. *Buchmeier*, 581 F.3d at 565-67. The court recognized that the type of argument Baker makes here has been available since at least 1990. *See id.* at 565-66 (referencing *United States v. Erwin*, 902 F.2d 510 (7th Cir. 1990), and subsequent cases); *see also Dahler v. United States*, 143 F.3d 1084 (7th Cir. 1998); *Alicea v. Rios*, No. 11-CV-1359, 2012 WL 6021324, at *3 (C.D. Ill. Nov. 21, 2012) (McDade, J.) ("Not only did *Buchmeier* not change the law, but its holding is not even novel. It is but one in a long line of cases stretching back to 1990 . . . ."). As the argument Baker makes was not foreclosed before *Buchmeier*, § 2255 was not inadequate or ineffective to test his conviction. *See Alicea*,

---

[4]This court does not need to reach the question whether the elimination of the restoration of the right to vote affects the meaning of the letter for purposes of § 921(a)(2).

2012 WL 6021324 at *3; *see also Gillaum v. Cross*, No. 11-0482–DRH, 2013 WL 1728400 (S.D. Ill. Apr. 22, 2013) (Herndon, C.J.).

Baker has not been denied the opportunity to test the legality of his conviction; he just failed to use the prior opportunities he had to raise the arguments he now proffers. "[F]ailure to raise a claim the first time around does not render § 2255 'inadequate.'" *Kramer*, 347 F.3d at 217. Baker raised seven claims in his § 2255 case. That Baker's § 2255 case was decided adversely to him based on law of the case (the Seventh Circuit had decided several of the issues on direct appeal) and on procedural default grounds (for the remaining issues) does not mean that the remedy was inadequate or ineffective. Otherwise the doctrines of law of the case and procedural default would be meaningless, as a movant could always bring a § 2241 motion instead. Baker had a reasonable opportunity under § 2255 to test the legality of his conviction, regardless of whether his previous procedural errors meant the court did not address the merits and regardless of whether Baker did not then present the arguments now being made.

Also, Baker *did* raise a claim of ineffective assistance of counsel on direct appeal, and the Seventh Circuit rejected the claim, *United States v. Baker*, 88 Fed. App'x 96 (7th Cir. Jan. 22, 2004). That Baker now raises a different basis for his ineffective assistance of counsel claim has little significance regarding law of the case. *See Peoples v. United States*, 403 F.3d 844, 846 (7th Cir. 2005) (stating that ineffective assistance of counsel is a single claim for relief and that a petitioner cannot avoid law of the case by alleging different failings by counsel than previously alleged). Baker has already had the issue of ineffective assistance decided against him. Section 2241 is not a mechanism for relitigating claims that one believes were incorrectly decided on direct appeal or in a § 2255 case. *See Taylor v. Gilkey*, 314 F.3d 832,

7

835 (7th Cir. 2002) ( stating that the language "to test the legality" of the detention "implies a focus on procedures rather than outcomes. Judges sometimes err, but this does not show that the procedures are inadequate; it only shows that people are fallible.").

Baker's reference to this court's decision in *United States v. Hill,* 118 F. Supp. 2d 910 (E.D. Wis. 2000), is misplaced, as *Hill* was decided at the § 2255 stage, not the stage of a second § 2241 case following an unsuccessful § 2255 motion, appeal, and denial of the first § 2241 motion. Here, Baker's § 2255 motion was denied long ago. His first attempt to bring a § 2241 case failed, and this one does too. Therefore,

IT IS ORDERED that the warden of FCI-Oxford is substituted in as respondent in place of Todd Nehls.

IT IS FURTHER ORDERED that Baker's § 2241 motion is denied and this case is dismissed.

IT IS FURTHER ORDERED that Baker's motion for summary judgment and release on bond (Doc. 36) is denied as moot.

Dated at Milwaukee, Wisconsin, this 14th day of May, 2013.

BY THE COURT

/s/ C.N. Clevert, Jr.
C.N. CLEVERT, JR.
U.S. DISTRICT JUDGE